Robert **FISHER**, Plaintiff-Respondent,

v.

**BURLINGTON NORTHERN, INC.,** Successor by Merger to St. Louis-San Francisco Railway Company, Defendant-Appellant.

No. 44095.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 24, 1982.

Motion for Rehearing and/or Transfer Denied Oct. 15, 1982.

Application to Transfer Denied Nov. 15, 1982.

Joseph L. Walsh, Edward W. Fredrickson, Haley, Fredrickson & Walsh, St. Louis, for plaintiff-respondent.

Donald E. Engle, St. Paul, Minn., Eric A. Cunningham, Jr., Daniel M. Buescher, William J. Blumthal, St. Louis, for defendant-appellant.

SIMON, Judge.

Defendant, St. Louis-San Francisco Railway Company (Frisco) appeals from a jury

verdict of $250,000 in the Circuit Court of the City of St. Louis.

Plaintiff, Robert Fisher (Fisher), filed the action under the Federal Employer's Liability Act (F.E.L.A.), 45 U.S. § 51 *et seq.* Fisher alleged that he sustained injuries to his back and knee while performing his job as a locomotive engineer for Frisco. We affirm.

On appeal, Frisco contends that the trial court erred in (1) refusing to give Frisco's tendered "present value" damage instruction; (2) giving Fisher's tendered damage instruction, MAI 8.02; (3) giving Fisher's tendered verdict directing instruction, MAI 24.01; and (4) refusing to give Frisco's tendered verdict directing instruction. Frisco's points are without merit.

Briefly, the facts of this case are as follows: Fisher, working as a locomotive engineer, injured his back and left knee when the locomotive he was operating collided with a caboose which was stopped on the right-of-way. Fisher applied the emergency braking system and while attempting to get out of the locomotive cab compartment, he was jostled about causing his injuries.

Frisco's four points attack the substance of the instructions for F.E.L.A. cases as set forth in MAI.

Our Supreme Court in *Dunn v. St. Louis-San Francisco Railway Co.,* 621 S.W.2d 245 (Mo. banc 1981) clearly disposes of this attack. We are bound by its holding. An extended opinion would be of no precedential value.

Judgment affirmed.

DOWD, P.J., and GUNN, C.J., concur.